# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1275V
Filed: January 29, 2019
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BETH COOK on behalf of B.T., a Minor Child, | |
| Petitioner, | Damages decision based on stipulation; diphtheria tetanus acellular pertussis/polio ("DTaP/IPV"); influenza ("flu") vaccine; chronic inflammatory demyelinating polyneuropathy ("CIDP") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Danielle A. Strait, Seattle, WA, for petitioner.
Althea Walker Davis, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On January 29, 2019, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that her child, B.T., suffered from an inflammatory demyelinating polyneuropathy or chronic inflammatory demyelinating polyneuropathy ("CIDP") that was caused by his October 24, 2013 receipt of diphtheria tetanus acellular pertussis/polio ("DTaP/IPV"), influenza ("flu"), measles mumps rubella ("MMR"), and varicella vaccines. Respondent denies that these vaccines caused petitioner's child's CIDP or any other injury. Nonetheless, the parties agreed to resolve this

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). **This means the decision will be available to anyone with access to the Internet.** Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

matter informally.

The undersigned finds the terms of the stipulation to be reasonable.  The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.   Pursuant to the stipulation, the court awards:

a.  A lump sum of $154,000.00 in the form of a check payable to petitioner, Beth Cook, as guardian/conservator of B.T.'s estate; and

b.  A lump sum of $11,000.00 in the form of a check payable to petitioner, Beth Cook, which amount represents compensation for past unreimbursed medical expenses.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 29, 2019                                                              /s/ Laura D. Millman
                                                                             Laura D. Millman
                                                                             Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BETH COOK, on behalf of B.T., a minor child,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 16-1275V<br>Special Master Millman<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her son, B.T., petitioner, Beth Cook, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to B.T.'s receipt of diphtheria tetanus acellular pertussis/polio ("DTaP/IPV"), influenza ("flu"), measles mumps rubella ("MMR"), and varicella vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. B.T. received DTaP/IPV, flu, MMR, and varicella vaccines on October 24, 2013.

3. The vaccines were administered within the United States.

4. Petitioner alleges that B.T. suffered an inflammatory demyelinating polyneuropathy or chronic inflammatory demyelinating polyneuropathy ("CIDP") as the result of receiving the vaccines, and that B.T. experienced residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on B.T.'s behalf as a result of his condition.

6. Respondent denies that the vaccines caused B.T. to suffer from inflammatory demyelinating polyneuropathy, CIDP, or any other injury or condition, and denies that B.T.'s current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments for all damages that would be available under 42 U.S.C. §13aa-15(a):

   a.  A lump sum of $154,000.00 in the form of a check payable to petitioner, Beth Cook, as guardian/conservator of B.T.'s estate; and

   b.  A lump sum of $11,000.00 in the form of a check payable to petitioner, Beth Cook, which amount represents compensation for past unreimbursed medical expenses.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42

2

U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. The payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for past unreimbursed medical expenses and attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of B.T. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of B.T.'s estate under the laws of the State of Washington. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of B.T.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of B.T. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of B.T. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of B.T., on behalf of herself, B.T., and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages,

loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of B.T. resulting from, or alleged to have resulted from, the DTaP/IPV, flu, MMR, and/or varicella vaccinations administered on October 24, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about October 5, 2016, in the United States Court of Federal Claims as petition No. 16-1275V.

15. If B.T. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that B.T.'s DTaP/IPV, flu, MMR and/or varicella vaccines caused B.T. to suffer inflammatory demyelinating polyneuropathy, CIDP, or any other injury or condition, or caused his current disabilities.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of B.T.

END OF STIPULATION

Respectfully submitted,

PETITIONER: *[signature]*

BETH COOK

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*

DANIELLE A. STRAIT
Maglio Christopher & Toale, PA
701 5th Avenue
Suite 3505
Seattle, WA 98104
(888) 952-5242

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Ward Sorensen for*

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*Althea Walker Davis by Meredith B. Healy*

~~LYNN E. RICCIARDELLA~~ Althea Walker Davis
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel: ~~(202) 616-4356~~ 202.616.0515

DATE: 1/29/2019

6